FILED

3:12 pm, 2/15/08

Joyce W. Harris
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHIRLEY LYND JONES, | ) | Case No.   07-20047 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.  07-2032 |
| | ) | |
| SHIRLEY LYND JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION ON COMPLAINT

This matter came before the court for a hearing on February 6, 2008 regarding the United States Trustee's Complaint to Deny Discharge Pursuant to 11 U.S.C. §§ 727 (a)(2), (a)(3), (a)(4) and (a)(5).  Ms. Jones appeared with counsel, Ken McCartney. The United States Trustee's Office was represented by Michele R. Hankins. The court has considered the testimony and documentary evidence, the arguments of the parties, and the applicable law, and is prepared to rule.

### Jurisdiction

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding as defined by § 157(b)(2)(J).

## Findings of Fact

Shirley Lynd Jones, ("Debtor") filed for chapter 7 bankruptcy relief on February 6, 2007. Her monthly Social Security benefits amount to $1,355.00 per month. On February 23, 2007, Debtor amended Schedules I and J, to include additional monthly income of: $400.00 from rental income; $23.00 from an annuity, and $122.00 from mineral royalties. The § 341 meeting of creditors was held on March 14, 2007 in Cheyenne, Wyoming. The Debtor attended, was sworn and testified. On March 19, 2007 Debtor filed amended Schedules A, B, and G to reflect the rental income, annuity and royalties as assets. The court entered an order granting the United States Trustee's and creditor, Meridian Trust Federal Credit Union's requests to examine the Debtor, pursuant to Fed. R. Bankr. P. 2004. The examination was scheduled for May 3, 2004. On May 9, 2007, Debtor filed amended Schedules B and C, to add a "drop front secretary, hand painted hurricane lamp and four (4) Hummel figurines." On June 5, 2007, Schedule B was again amended to include a term life insurance policy. The United States Trustee initiated this adversary on May 31, 2007 requesting that Debtor's discharge be denied.

Debtor is retired, over the age of 70 and has chronic medical problems  She testified that her education consisted of two years of nursing college and her employment history included working with the Girl Scouts Council and Meals on Wheels.

The Debtor was one of three of the officers and shareholders of Wyoming Sodbusters, Inc., ("Sodbusters") which filed for chapter 7 bankruptcy relief on October 25, 2006. The

other officers and shareholders of Sodbusters were Donna Burgess and Dan Keeler. The Debtor and her house-mate, Donna Burgess funded the corporation with an initial investment of $10,000 each and subsequently borrowed funds for business operations. The Debtor testified that the initial investment was not the only money she contributed to the business as she paid some business bills with personal funds. The Debtor and Ms. Burgess managed the bookkeeping and accounts, while Mr. Keeler provided the manual labor for the business. Mr. Keeler was a past renter of the Debtor, and at one time, a close family friend.

The Debtor testified that all documents and requests from the panel trustee and the United States Trustee were responded to as quickly and efficiently as possible. The checkbook and hand-written ledger, and business records were provided. She obtained a new appraisal on the real property at the request of the panel trustee. Debtor testified that she willingly allowed the chapter 7 panel trustee, Tracy Zubrod to enter into and photograph the contents of the house, including all of the personal property. She amended schedules to correct deficiencies or errors as soon as she was made aware of the problems.

The Debtor had owned a ranch, that was sold several years prior to filing for bankruptcy. She testified that the funds were used for living expenses, putting grandchildren through college, and various trips to Alaska, Panama Canal, Mexico and Las Vegas, over several years and over a year prior to filing for bankruptcy. She had booked a trip to go to Hawaii but cancelled it due to her financial difficulties.

## Conclusions of Law

1. <u>Denying discharge pursuant to 11 U.S.C. § 727 (a)(2).</u>

"The court shall grant a Debtor a discharge, unless - the Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with the custody of the property under this title, has transferred, removed, destroyed, mutilated, or concealed - (A) property of the Debtor, within one year before the date of filing of the petition; or (B) property of the state, after the date of filing of the petition." 11 U.S.C. §§ 727(a)(2)(A) & (B).

The Debtor and Donna Burgess became roommates in order to minimize the living expenses for two retired ladies living on fixed incomes. On February 6, 2006, the Debtor conveyed one-half interest of her house to Ms. Burgess in consideration for Ms. Burgess becoming a joint obligor on the mortgage. The Debtor drafted the transferring document, without the advice of legal counsel. The documents provided that the two ladies owned the house as "Tenants by the Entirety with rights of survivorship." Subsequently and for additional funds, the ladies refinanced the property and upon advice of counsel, the transfer document was rewritten to transfer the property as "Tenants in Common" on or about October 17, 2006. Both ladies transferred the same property, but the document corrected the way in which the property was held. Again, the consideration for the transaction was Ms. Burgess' legal responsibility for liability for the mortgage against the property. The court found that the testimony of the witnesses was credible in that there was not any intent to defraud a creditor or the trustee by transferring one-half interest of the real property to Ms. Burgess. The intent was to economize living expenses and the consideration was Ms. Burgess' responsibility on the mortgage. As for concealing property of the estate, the Debtor

willingly opened her home to the panel trustee for an inspection and inventory. Subsequently she amended the schedules as it was determined that the description was insufficient or the assets were not previously identified. The court does not find that the Debtor intended to hinder, delay or defraud a creditor, the panel trustee or the United States Trustee. She is a retired person living on a fixed income. She has economized her living expenses by obtaining a house mate, Ms. Burgess. Debtor conveyed one-half interest in her home to Ms. Burgess in return for Ms. Burgess taking on the financial responsibility of the mortgage. The Debtor did not intentionally conceal personal property and amended and corrected her schedules to reflect the requests of the panel trustee upon discovery of six additional assets.

2.  <u>Denying discharge pursuant to 11 U.S.C. § 727 (a)(3).</u>

> "The court shall grant a Debtor a discharge, unless, the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial conditional or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case," 11 U.S.C. § 727 (a)(3).

The Debtor testified that the business records of Sodbusters consisted of a checkbook and hand-written ledger. Testimony presented by Ms. Burgess also indicated that all documents of the corporation had been preserved and provided pursuant to any request. The court does not find that the Debtor concealed, destroyed or failed to keep or preserve the records and books of the defunct corporation. The lack of sophisticated records may make it difficult to interpret or easily identify, but the witnesses' testimony was credible that all records were provided to the best of the Debtor's ability.

3. <u>Denying discharge pursuant to 11 U.S.C. § 727 (a)(4).</u>

> "The court shall grant a Debtor a discharge, unless, the Debtor knowingly and fraudulently, in or in connection with the case-(A) made a false oath or account...(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs;" 11 U.S.C. §§ 727 (a)(4)(A) & (D).

The Debtor admitted that she had made mistakes in identifying and listing income and assets on her schedules. Each issue was corrected and amended schedules filed. The court does not find that the Debtor knowingly and fraudulently made a false oath or withheld any information from the panel trustee or the United States Trustee but that her mistakes were unintentional and corrected appropriately.

4. <u>Denying discharge pursuant to 11 U.S.C. § 727 (a)(5).</u>

> "The court shall grant a Debtor a discharge, unless, the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities." 11 U.S.C. § 727 (a)(5).

The Debtor, through her testimony, and the testimony of the other witnesses, satisfactorily explained the circumstances that brought her to seek bankruptcy relief. In considering her financial history, the Debtor has made mistakes. She admitted to this. The Debtor, late in her life, provided financial backing for a business that she knew little about and provided funds to her former renter/family friend personally and for the landscaping business. She went on vacations in the years prior to filing her bankruptcy, but at that time appeared to be solvent. The Debtor spent a considerable amount of money remodeling her

house. She now has liens on her home, that was otherwise unencumbered. She testified that in the past and after the sale of other real property, she helped grandchildren with college expenses and paid her living expenses. Considering that her combined income from all sources is $1,900 per month, it is not unreasonable to believe that the funds were spent as she testified, to pay her day-to-day expenses. The court will issue a judgment in accordance with this Opinion.

DATED this 15 day of February, 2008.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Ken McCartney
Michele Hankins,
    Asst. U.S. Trustee